UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPERTUNIVERSE, INC., <br> Plaintiff, <br> v. <br> CISCO SYSTEMS, INC., <br> Defendant. | Case No. 17-cv-03848-RS <br><br> **ORDER GRANTING MOTION TO STAY** |

Plaintiff XpertUniverse, Inc. has moved to stay this case pending the *ex parte* reexamination of U.S. Patent No. 7,499, 903 by the United States Patent and Trademark Office ("PTO"). Defendant Cisco Systems, Inc. agrees a stay is appropriate. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for June 11, 2020 is vacated. For the reasons set forth below, the motion is granted.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted). "Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (internal citations and quotations omitted).

In the present case, all three factors favor a stay. First, discovery is not yet complete, and a trial date has not yet been set. Second, a stay may simplify the issues for summary judgment and trial, particularly if the claims at issue are amended or found invalid. To continue to litigate the case while reexamination is ongoing would be a waste of judicial resources. Third, a stay will not unduly prejudice Cisco. Cisco requested the reexamination, and it agrees a stay is warranted. Cisco does express concerns XpertUniverse might take advantage of the stay to try and prolong discovery and/or rehash claim construction, and requests a scheduling order, tethered to the end of the reexamination proceedings, be entered now. However, any such order would be premature while the outcome of the proceedings is yet unknown. The parties are nevertheless cautioned that, when reexamination concludes, requests for extensions of the current discovery period will only be entertained for good cause.

For the reasons set forth above, the motion is granted. This matter shall be stayed pending the PTO's reexamination of U.S. Patent No. 7,499, 903, and all current dates are vacated. Within 14 days of receiving notice of the PTO's final decision, the parties shall jointly notify the Court of that decision and provide a proposed scheduling order. Furthermore, the motion to seal Exhibit 2 to XpertUniverse's reply, as redacted by Cisco, *see* ECF No. 234-3, is granted.

**IT IS SO ORDERED**.

Dated: June 2, 2020

RICHARD SEEBORG
United States District Judge